UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

------------------------------------------------------------------------x

JEFFREY MADURO

**CV21- 2398**

Docket No.:

Plaintiff,

**COMPLAINT**

VS.

**DONNELLY, J.**

ARVEST CENTRAL MORTGAGE COMPANY .

Defendants.

**BLOOM, M.J.**

------------------------------------------------------------------------x

PLEASE TAKE NOTICE that the Plaintiff herein  duly admitted to submit before the United States District Court, Eastern District of New York, as and for their Complaint against Defendants respectfully alleges as follows:

### INTRODUCTION

1.       This action is brought by Plaintiff against Defendants for fraud, breach of contract, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, deceptive business practices, specific performance, an accounting and injunctive relief related to a mortgage satisfaction agreement entered into between the Plaintiff and Defendants' predecessor in interest, Arvest Central Mortgage Company , for a mortgage secured by the premises known as and located at 85-66  66 Ave., Rego Park 11374 , New York (hereinafter referred to as the "premises" or "subject premises").

### PARTIES AND JURISDICTION

2.       At all relevant times, Plaintiff was and remains natural persons residing in the County of Kings, State of New York.

3.       Plaintiff is the titled owners of the subject premises.

4.       Plaintiff resides at the subject premises.



RECEIVED
APR 30 2021
PRO SE OFFICE

5.      Defendant, Arvest Central Mortgage Company is the "loan servicer" for this nonexistent account.

6.      Upon information and belief, Arvest Central Mortgage Company maintains its principal place of business located in the State of Arkansas.

7.      Defendant, Arvest Central Mortgage Company was the mortgage loan servicer for the subject mortgage with its principal place of business located in the State of New Jersey.

8.      Upon information and belief, at all relevant times Arvest Central Mortgage Company was and remains an affiliate or subsidiary of (Arvest Central Mortgage Company)

9.      Defendant, (Arvest Central Mortgage Company), is the successor mortgage loan servicer of the subject mortgage loan.

10.      At all relevant times herein mentioned, Defendants regularly solicited, transacted, conducted and did business in the State of New York.

11.      At all relevant times herein mentioned, Defendants derived substantial revenue from services rendered in the State of New York.

12.      Upon information and belief, Arvest Central Mortgage Company is the current purported owner, holder and servicer of the subject mortgage secured by the subject premises.

13.      This Court has personal jurisdiction over the Defendants pursuant to New York State C.P.L.R. §302.

14.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C.A. § 1332 Plaintiff reside in New York State, all Defendants are incorporated and or maintain their principal placers of business outside New York State and the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

15.     This Court has authority to issue declaratory relief pursuant to 28 U.S.C.A. § 2201. This Court has supplemental jurisdiction over the Plaintiff's New York State law claims pursuant to 28 U.S.C.A. § 1367(a).

## FACTS COMMON TO ALL CAUSES OF ACTION

17.     That on or about February 15, 2007 Plaintiff executed and delivered a mortgage secured by the subject premises and corresponding note to Defendants' predecessor in interest and loan originator, Citizens Community Bank . in the amount of $ 399,920.

16.     That upon information and belief the aforesaid mortgage was recorded with the Kings County Clerk on or about February 21, 2007.

17.     That upon information and belief the subject mortgage and note is identified by Defendants as Loan No. 170201013

18.     That on or about November 2016, Arvest Central Mortgage Company pretends to work on a modification for the Plaintiff claiming Plaintiff was behind, when Plaintiff indeed stop paying because of the  mortgage satisfaction and could not show proof of ownership of the loan. In 2018 Defendant finally gave a modification and went to the County Clerk to rerecord the mortgage.

19.     It was a tactic use by the Defendant to rerecord the satisfied mortgage.

20.     That upon information and belief said Discharge of Mortgage was thereafter recorded with the Kings County Clerk. **(Please see exhibit A)**

21.     That pursuant to the terms of the subject Mortgage Satisfaction, Plaintiff agreed.

22.     That servicing of the Plaintiff' subject mortgage loan was illegal and fraudulent.

23.     That despite acceptance of Plaintiff's discharge, Defendants declared that the Plaintiff defaulted on their mortgage obligations and transferred the mortgage loan as if Plaintiff was in arrears.

24.     That despite acceptance of Plaintiff' recorded Discharge Defendants advised Plaintiff that his loan in default.

25.     That despite of Plaintiff dispute about the closed mortgage account  pursuant to the satisfaction  Agreement, Defendants advised Plaintiff that it did not receive past due payments and that the matter was referred to its foreclosure review committee.

26.     That to date Defendants accepted mortgage payments in the amount of $ 150,000 from Plaintiff after the satisfaction was issued. Despite Defendant was collecting money in the mortgage payment for escrow, the Defendant never pay the taxes due to the city.

        (**Please see Exhibit B**)

27.     That all amounts paid by Plaintiff to Defendants were fraudulent collected by Defendant

28.That Defendants' aforesaid actions negatively impacted Plaintiff' credit rating.

29.     At all times herein mentioned, each of the Defendants sued herein was the authorized agent of the remaining Defendants and was at all times acting within the purpose and scope of such agency.

30.     At all times herein mentioned, each of the Defendants sued herein was the apparent agent of the remaining Defendants and cloaked with the appearance of authority to act on the remaining Defendants' behalf.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR FRAUD

31.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in the Complaint with the same force and effect as if more fully set forth herein.

32.     That Defendants advised Plaintiff that upon delivery of the executed mortgage satisfaction and their employees, agents and representatives, the Loan would be closed and not transferred.

33.     That thereafter Plaintiff and their attorney contacted Defendants on several occasions regarding the status of their mortgage satisfaction.

34.     That Defendants and their employees, agents and representatives never advised Plaintiff or their attorney whether received they intended to correct the situation.

35.     That all of the aforesaid misrepresentations and concealments of material fact engaged in by Defendants and or their agents, employees or representatives were fraudulent and failed to reveal their secret intentions to deceive, defraud and induce Plaintiff to continue to make monthly mortgage payments as if the loan was in effect.

36.     That at all relevant times herein mentioned, Plaintiff were ignorant of Defendants' secret intentions and reasonably and justifiably relied on Defendants and or their agents, employees or representatives to Plaintiff' detriment.

37.     That by the aforesaid acts, omissions, misrepresentations and concealments of material fact, Defendants defrauded Plaintiff.

38.     That but for Defendants and or their agents, employees or representatives' fraudulent misrepresentations and concealment of material facts, Plaintiff would not have endured such financial and credit harm.

39.     That but for Defendants and or their agents, employees or representatives' fraudulent misrepresentations and concealment of material facts, Plaintiff would not have been damaged and suffered financially.

40.     That but for Defendants and or their agents, employees or representatives' fraudulent misrepresentations and concealment of material facts, Plaintiff would not have damaged his credit or face the pending foreclosure action.

41.     That by reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants in an amount greater than $75,000.00.

42.     That by reason of the foregoing, Plaintiff is entitled to costs and reasonable attorney fees in an amount to be determined by this Honorable Court.

43.     That the gross, wanton and willfully fraudulent conduct of Defendants was not only morally corrupt and evil and reprehensible, as it has affected Plaintiff, but is also part of a pattern of predatory lending directed at vulnerable segments of the public.

44.     That by reason of the gross, wanton and willfully fraudulent conduct of Defendants directed at Plaintiff, as well as vulnerable segments of the public, and in order to punish Defendants from same or similar conduct in the future, Plaintiff demand an award of punitive damages against Defendants, jointly and individually, in the amount of Ten Million United States Dollars **($10,000,000.00)**.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION
## FOR BREACH OF CONTRACT

45.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in the Complaint with the same force and effect as if more fully set forth herein.

46.     That on or about  2009, Plaintiff and Defendants entered into an  Agreement by discharging the mortgage base on the settlement reached with the US Attorney Generals.

47.     That the consideration bargained for was fair and reasonable.

48.     That Plaintiff duly performed all the terms and conditions of his Loan Satisfaction Agreement with Defendants to be performed on their part.

49.     That Plaintiff remitted mortgage payments to Defendants in the amount of $350,000 since

50.     That Defendants breached its contract with Plaintiff by accepting but failing to properly credit the aforesaid mortgage payments made by Plaintiff pursuant to the Loan Satisfaction Agreement.

51.     Furthermore, as a result of Defendants' breach of the contract, Plaintiff credit was negatively affected and they now face foreclosure proceedings.

52.     That as a result of the foregoing, Plaintiff is entitled to an award of damages plus reasonable attorney fees, disbursements and costs for this action.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53      Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in the Complaint with the same force and effect as if more fully set forth herein.

54.     New York State law implies a covenant of good faith and fair dealing in all agreements between the parties entered into in the State of New York.

55.     As a result of Defendants' actions related to the Mortgage Satisfaction entered into with Plaintiff on or about  2009, Defendants violated the implied covenant of good faith and fair

dealing contained in the Satisfaction Agreement entered into with Plaintiff not to transfer the loan, as against Plaintiff and, as a result Plaintiff are entitled to compensatory damages.

**(Please see Exhibit C)**

56.     The actions of Defendants as set forth above in violation of the implied covenant of good faith and fair dealing contained in the aforesaid Satisfaction Agreement entered into with Plaintiff, caused Plaintiff to suffer damages in the amount of $100, 000 plus reasonable attorney fees, disbursements and costs for this action.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR UNJUST ENRICHMENT

57.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in this Complaint with the same force and effect as if more fully set forth herein.

58.     That by virtue of the foregoing, Defendants have been unjustly enriched in the amount of $350,000.

59.     That by virtue of the foregoing, Plaintiff sustained damages in the amount of $450,000 plus interest, disbursements, costs and attorney fees.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR CONVERSION

60.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in this Complaint with the same force and effect as if more fully set forth herein.

61.     Beginning in November, 2018, Defendants wrongfully and unlawfully accepted Plaintiff's monthly mortgage payments in the total amount of $_____made pursuant to the parties Loan Modification Agreement without properly crediting Plaintiff' mortgage account.

62.     By reason of the foregoing, Defendants converted Plaintiff $350,000.

63.     The aforesaid acts of Defendants were wrongful, unlawful, wanton, malicious and oppressive and taken with the intent to defraud Plaintiff.

64.     By reason of the foregoing, Defendants placed Plaintiff at risk of sustaining severe damages, penalties and interest.

65.     That by virtue of the foregoing, Plaintiff have been damaged by Defendants in the amount of $ 400,000 plus interest, disbursements, costs and attorney fees.

66.     That by virtue of the foregoing, Plaintiff is also entitled to an award of special and punitive damages in an amount to be determined by this Honorable Court.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION
## FOR DECEPTIVE BUSINESS PRACTICES

67.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in this Complaint with the same force and effect as if more fully set forth herein.

68.     The actions taken by Defendants in connection with the Satisfaction Agreement were known by Defendants to likely mislead Plaintiff, who acted reasonably under the circumstances then and there existing, in that Defendants' misrepresentations that the Loan Satisfaction Agreement would be accepted and monthly mortgagee payments made pursuant thereto would be properly credited and applied were knowingly deceptive, and unlawful, and, as such, constituted violations of the New York State Deceptive Acts and Practices Statute codified as N.Y. General Business Law § 349.

69.     The aforesaid actions undertaken by Defendants, including the material concealment of facts related to the Loan Satisfaction Agreement and Plaintiff' monthly mortgage payments made pursuant thereto were materially misleading and knowingly deceptive, and, as such, constituted a violation of the New York State Deceptive Acts and Practices Statute codified as N.Y. General Business Law § 349.

70.     That all of the aforesaid actions, omissions, misrepresentations and concealments

of material fact engaged in by Defendants and or their agents, employees and representatives were

consumer orientated in nature and had a broader impact on the public by causing damages to

consumers at large, including other mortgagors.

71.     That by reason of the foregoing, Plaintiff is entitled to recover damages in the form

of the return of all monies remitted and paid to Defendants by Plaintiff from January, 2009, until

present pursuant to the parties Loan Satisfaction Agreement and reasonable attorney's fees

pursuant to the New York State Deceptive Acts and Practices Statute codified as N.Y. General

Business Law § 349.


## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR AN ACCOUNTING

72.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made

in this Complaint with the same force and effect as if more fully set forth herein.

73.     As a result of the aforementioned Defendants received money from Plaintiff, which

was to be credited to Plaintiff's mortgage account and applied to the principal balance of Plaintiff'

mortgage, as previously alleged.

74.     The amount of money received by Defendants from Plaintiff and properly applied

and credited to Plaintiff' mortgage account and unpaid principal balance is unknown to Plaintiff

and cannot be ascertained without an accounting of the Defendants' records of the aforementioned

transactions.

75.     Plaintiff have demanded an accounting of the aforementioned transactions from Defendants but Defendants have failed and refused, and continues to fail and refuse, to render such an accounting.

76.     That by reason of the foregoing, Plaintiff are entitled to an accounting of their monthly mortgage payments in the total amount of $350,000 remitted to Defendants since November, 2018.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

77.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in this Complaint with the same force and effect as if more fully set forth herein.

78.     Plaintiff have performed all conditions, covenants, and promises required by them on their part to be performed in accordance with the terms and conditions of the parties Loan Satisfaction Agreement.

79.     Defendants have failed and refused, and continues to fail and refuse, to perform the conditions of the Loan Satisfaction Agreement on their part.

80.     That Plaintiff has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value and damages will be inadequate to compensate.

81.     That by reason of the foregoing, Plaintiff is entitled to an order directing Defendants to abide by the parties Loan Satisfaction Agreement, honor the terms thereof and perform all obligations there under.

## AS AND FOR PLAINTIFF' CAUSE OF ACTION FOR AN INJUNCTION

82.     Plaintiff repeat, reiterate and reallege each and every allegation heretofore made in the Complaint with the same force and effect as if more fully set forth herein.

83.     That Plaintiff have no adequate remedy at law for the harm she will suffer because it is impossible for Plaintiff to calculate the precise amount of damages they will incur if Defendants commence foreclosure proceedings and are awarded a judgment of foreclosure and in a foreclosure action in the Supreme Court, Queens County.

84.     That Plaintiff have no adequate remedy at law for the harm it will suffer because it is impossible for Plaintiff to calculate the precise amount of damages she will incur if the subject mortgage premises are sold at public auction pursuant to a foreclosure action in the Supreme Court, Queens County.

85.     That Plaintiff has no adequate remedy at law because it is impossible for Plaintiff to calculate the precise amount of damages it will suffer because a judgment of foreclosure and sale in Defendants' favor would be subject to additional costly litigation.

86.     That Plaintiff has no adequate remedy at law because it is impossible for Plaintiff to calculate the precise amount of damages it will suffer to vacate a judgment of foreclosure and sale and or referee's deed transferring title to the subject premises because same would be subject to additional costly litigation.

87.     That Plaintiff will be further damaged in like manner if Defendants do not cease and desist from commencing a foreclosure action against Plaintiff in the Supreme Court, Queens County while Plaintiff is prosecuting the within action against Defendants concerning the parties Loan Satisfaction Agreement.

88.     That the equities are balanced in Plaintiff favor because only they would be severely harmed and prejudiced if it is compelled to defend Defendants' foreclosure action incurring

additional litigation costs and expenses if Defendants commence a foreclosure action s in the Supreme Court, Queens County, while Plaintiff are prosecuting the within action against Defendants concerning the Loan Modification Agreement.

89.    That by virtue of the foregoing, Defendants must be restrained and enjoined from commencing a foreclosure action in the Supreme Court, Queens County, pending final disposition of the within Plaintiff' action.

## **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully requested that this Honorable Court grant Plaintiff the following relief, together with such other and further relief deemed just and proper:

(a)    Assume jurisdiction of this case;

(b)    An award of actual, compensatory and punitive damages, costs and reasonable attorney fees from Defendants, jointly and individually, for fraud, breach of contract, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment and deceptive business practices,;

(c)    An award of equitable and declaratory relief ordering an accounting of the Plaintiff' subject mortgage payments made pursuant to the Loan Modification Agreement and ordering Defendants to abide by the parties Satisfaction Agreement, honor the terms thereof and perform all obligations there under; and

(d)    An order injunction preliminary and permanently restraining and Defendants and or its agents, attorneys from commencing a foreclosure action in the Supreme Court, Queens

County, to foreclose the subject mortgage secured by the subject premises, in all respects, including any public auction sale of the subject mortgage premises.

Dated: Brooklyn, New York
~~April 22, 2018~~
April 30, 2021

Yours, etc.,

Jeffrey Maduro.

By:

Jeffrey Maduro
85-56 66th Avenue
Rego Park, New York 11374

Arvest Central Mortgage Company
801 John Barrow Road, Suite 1
Little Rock, AR 72205

STATE OF ___
COUNTY OF ___

Sworn to (or affirmed) and subscribed before me
this 22° day of April, 2021
by _____ Maduro

_____
Notary Public's Signature

Alexander Liu
Notary Name

My Commission Expires 3/7/2024

ALEXANDER F LIU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LI6338309
Qualified in New York County
My Commission Expires 03-07-2024

# CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true, correct and complete copy of the above and foregoing document has

been furnished by certified U.S. Certified Mail: <u>7019 2280 0001 0390 3098</u> on the __$2\,9^{th}$__ day of April

2021 to each of the following named respondents:


ARVEST CENTRAL MORTGAGE COMPANY  CORPORATION
801 JOHN BARROW RD STE 1
LITTLE ROCK, AR 72205

Jeffrey Maduro

_____


**Sworn to and subscribed before me the**

22nd **day of** _April_,

**2021, in** _New York_ **County,**

_New York_ **State.**



_____

<u>**New York State**</u>**, Notary Public**

**License No:** _01LI6338309_

**My commission exp:** _3/7/2024_


ALEXANDER F LIU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LI6338309
Qualified in New York County
My Commission Expires 03-07-2024